GUIDRY, Justice,
concurs and assigns reasons.
hi write separately to emphasize that “[i]t is the trial judge who is ultimately responsible for making certain that all prospective jurors understand the fundamental elements of a capital trial and then-duties as jurors in a capital sentencing hearing.” State v. Jacobs, 99-1659 p. 12 (La.6/29/01), 789 So.2d 1280, 1288. “The trial judge has the constitutional obligation to ensure that a fair and impartial jury is empaneled, and that obligation can only be fulfilled if the prospective jurors are subject to a meaningful voir dire and well informed of what the law requires of them.” Id. The dissent’s suggested voir dire examination on mitigating factors is exactly what is missing in this case. In the absence of that type of inquiry by the trial court under the facts of this particular case, there is no way to be certain this juror would be fair and impartial and could have followed the law, which is the fundamental question in the jury selection process so as to ensure the accused’s constitutional right to a fair trial.